Estate of Michelina Raimondi, Deceased, Katie Raimondi, Administratrix v. Commissoner.
Estate of Raimondi v. Commissoner
Docket No. 3826-68.
United States Tax Court
T.C. Memo 1970-25; 1970 Tax Ct. Memo LEXIS 336; 29 T.C.M. (CCH) 70; February 3, 1970, Filed F. Pen Cosby and Thomas H. Krise, 708 Union Federal Bldg., 45 N.Pennsylvania St., Indianapolis, Ind., for the petitioner. Ross E. Springer, for the respondent. TIEJENS Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency of $1,594.59 in the estate tax of Michelina Raimondi, deceased. We must decide whether the value of three remainder interests in certain real properties *337 are includable in the decedent's gross estate; and, if they are, we must decide what the values of those interests are. 71 Findings of Fact Some of the facts have been stipulated and are so found. The stipulation and exhibits attached thereto are incorporated herein by this reference. The petitioner, Katie Raimondi, Administratrix of the Estate of Michelina Raimondi, had her legal residence in Indianapolis, Indiana, at the time she filed the petition herein. In 1951 Cosimo Raimondi, joined by his wife, Guiseppa Raimondi, conveyed by warranty deeds the following properties in Indianapolis to their daughters, Katie Raimondi, Anna Raimondi, and Michelina Raimondi, jointly and to the survivor or survivors of them, and not as tenants in common, reserving a life estate to himself and to his wife, Guiseppa Raimondi: 605 E. McCarty Street, 530-532 South Alabama Street, and 6654 W. Washington Street. Guiseppa Raimondi died on November 1, 1960. Michelina Raimondi died on February 7, 1965, survived by her 82-year old father, Cosimo Raimondi, and by her sisters Katie Raimondi and Anna Raimondi. Michelina Raimondi (the "decedent") owned at the time of her death the remainder *338 interests given her in 1951 in each of the three properties, which properties had fair market values at the time of her death as follows: Property
Fair Market Value
605 E. McCarty St
$12,000
530-532 S. Alabama St
5,000
6654 W. Washington St
12,500
The petitioner elected to value the decedent's gross estate at the date of death. In the estate tax return no value representing these remainder interests was included in the gross estate. In his statutory notice of deficiency the Commissioner included in the gross estate $8,361.29 as the total value of decedent's interests in each of the three properties. This value was computed by including one-third of the fair market value of each of the three properties after reduction for the value of Cosimo Raimondi's life estate in each of the properties. Opinion Section 2031, Internal Revenue Code of 1954, [1] provides that the value of the gross estate of the decedent shall be determined by including "to the extent provided for by this part" (including sections 2033 and 2040), the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. *339 Section 2033 provides that the value of the gross estate shall include the value of all property "to the extent of the interest therein of the decedent" at the time of his death. Section 2040 provides that the value of the gross estate shall include the value of all property "to the extent of the interest therein held as joint tenants" by the decedent and any other person, providing more specifically, that where any property has been acquired by gift by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then (the value of the gross estate shall include the value of such property) to the extent of the value of a fractional part to be determined by dividing the value of the property by the number of joint tenants. We have no doubt that the value of the remainder interests which the decedent held as a joint tenant are includable in her gross estate under any of sections 2031, 2033 and 2040. We are left to determine the value of these interests. Section 20.2031-7(d), Estate Tax Regs., provides that the present value of a remainder interest following a life estate is obtained by multiplying the value of the properties *340 (i.e., $29,500, the value of the three properties) by the figure in column 4 of Table I, section 20.2031-7(f), Estate Tax Regs., opposite the number of years nearest to the actual age of the person whose life measures the preceding estate (i.e., 85030, the number which is opposite 82 - the age of decedent's father at the time of her death). In this fashion the remainder interests are valued at $25,083.85. The value of decedent's interest is determined under section 2040 to be equal to $8,361.29, as determined by the Commissioner, being the fractional part of such value determined by dividing the value of the remainder interests by three, the number of joint tenants. Accordingly we uphold his determination, which in this case is consonant with the regulations. The petitioner argues that the value of decedent's jointly held remainder interests should be determined in accordance with 72 section 20.2031-1(b), Estate Tax Regs., dealing with valuation of property in general. That section provides that the value of every "item of property" includable in a decedent's gross estate under sections 2031 through 2044 is its fair market value at the time of the decedent's death, i.e., *341 the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell. Petitioner argues that, so valued, the decedent's jointly held remainder interests were valueless because there would be no willing buyer of such interests. We do not think section 20.2031-1(b), Estate Tax Regs., applies here. In the first place the section refers to items of property, while section 20.2031-7, Estate Tax Regs., more specifically deals with valuation of interests in property. Accordingly an "item" of property, i. e., 605 E. McCarty St., etc., is properly valued under section 20.2031-1(b), Estate Tax Regs., while the decedent's "interest" in such an item is properly valued, in the case of a remainder interest, under the more specific section dealing with the valuation of remainder interests. Nor do we agree with petitioner that, as such interests are not frequently the subject of sale, it follows that they are worthless. Indeed we think that if a willing seller and a willing buyer could be found, they would value decedent's interests in very much the same fashion as is provided for by section 20.2031-7, Estate Tax Regs. *342 In the absence of persuasive evidence of a value lower than that determined by the Commissioner, we follow the valuation method prescribed in the regulations. James L. Darling, 43 T.C. 520, 539 (1965). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩